Michael Vohron THOMAS, Petitioner—Appellee,

v.

E. ROE, Warden, Respondent— Appellant.

No. 04–56074.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2005.

Decided July 7, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Sean K. Kennedy, Esq., Myra Sun, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellee.

Corey J. Robins, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellant.

---

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

Before: WARDLAW and BERZON, Circuit Judges, and FITZGERALD,* District Judge.

## MEMORANDUM **

The State of California, through Warden E. Roe, appeals the federal district court's grant of habeas corpus relief to Michael Vohron Thomas, a California state prisoner. The State challenges the district court's conclusion, following an evidentiary hearing, that at Thomas' state trial the prosecutor purposely discriminated among the potential jurors on the basis of their race, in violation of the Equal Protection Clause of the Fourteenth Amendment. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

■ 1. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal district court may disturb a state court's determinations of law only if they are "contrary to" or "involved an unreasonable application of" clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). The district court generally reviews the state court's fact-specific determination of whether a defendant has made a prima facie case of a *Batson* violation deferentially, applying AEDPA's "'statutory presumption of correctness.'" *Wade v. Terhune,* 202 F.3d 1190, 1195 (9th Cir.2000) (quoting *Tolbert v. Page,* 182 F.3d 677, 685 (9th Cir.1999) (en banc)). "However, where the [state] court has applied the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

wrong legal standard, AEDPA's rule of deference does not apply." *Fernandez v. Roe,* 286 F.3d 1073, 1077 (9th Cir.2002). Under this circumstance, a district court may review *de novo* the question of whether a defendant made a prima facie showing of a *Batson* violation. *Id.; see also Cooperwood v. Cambra,* 245 F.3d 1042, 1046–47 (9th Cir.2001).

When the California Court of Appeal affirmed the trial court's denial of Thomas' *Batson* motion, it expressly employed the "strong likelihood" language of *People v. Wheeler,* 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (Cal.1978). The Supreme Court recently held that California courts apply an incorrect legal standard when they follow the "strong likelihood" language of *Wheeler, Johnson v. California,* — U.S. —, —, 125 S.Ct. 2410, 2419, — L.Ed.2d —, — (2005). Therefore, the district court correctly reviewed *de novo* the question of whether Thomas made a prima facie showing of a *Batson* violation.

■ 2. The district court also correctly concluded that Thomas made a prima facie showing. *See Fernandez,* 286 F.3d at 1076 (we review *de novo* a district court's decision that a petitioner made a prima facie showing of a *Batson* violation). To satisfy the first *Batson* step, "the defendant must make out a prima facie case 'by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose.'" *Johnson,* 125 S.Ct. at 2416 (quoting *Batson,* 476 U.S. at 93–94, 106 S.Ct. 1712). Thomas produced evidence sufficient to permit the district court "to draw an inference that discrimination ... occurred." *Id.* at 2417.

A pattern of exclusion of minority prospective jurors supports an inference of discrimination. *See Turner v. Marshall,* 63 F.3d 807, 812 (9th Cir.1995), *overruled on other grounds by Tolbert v. Page,* 182 F.3d 677 (9th Cir.1999). Here, while only seven of the thirty-five prospective jurors called for voir dire were African–American (20%), the prosecutor used two of his three peremptory challenges (66%) against African–Americans. Therefore, the prosecution disproportionately struck African–Americans from the jury. While "the statistical significance of [these] percentages is limited" due to the small size of the sample, *Wade,* 202 F.3d at 1198, "[s]uch a disparity ... supports an inference of discrimination." *Turner,* 63 F.3d at 813; *see also Fernandez,* 286 F.3d at 1078 (finding a prima facie case where the prosecution used 21% of its challenges against Hispanic prospective jurors, who represented only 12% of the juror pool).

In addition, before striking Juror No. 9462, an African–American prospective juror, the prosecutor specifically inquired whether her race would have any effect on her ability to be a fair juror, thus evidencing his concern about her race influencing the verdict. The State argues this question does not support an inference of discrimination because it merely concerned Juror No. 9462's opinions on race. *See Tolbert v. Gomez,* 190 F.3d 985, 989 (9th Cir.1999). *Tolbert,* however, is distinguishable. First, the prosecutor in the case did not solicit Juror No. 9462's "opinions on race." *Id.* Rather, the prosecutor asked whether the fact that Juror No. 9462 and the defendant were black, while the prosecutor, the police involved in the case, and a majority of the likely jurors were white, would affect Juror No. 9462's decisionmaking. This question raises an inference that the prosecutor was engaging in "the very type of racial stereotyping that *Batson* forbids." *Id.* Second, unlike the juror in *Tolbert,* Juror No. 9462 did not volunteer her views regarding race. Rather, the prosecutor asked Juror No. 9462 a race-related question.

■ 3. Finally, the district court did not clearly err in finding that the prosecu-

tor engaged in purposeful discrimination. *See Turner v. Marshall,* 121 F.3d 1248, 1250–51 (9th Cir.1997) (reviewing the district court's finding of racial discrimination for clear error where the state trial court did not proceed past step one of the *Batson* analysis, and the district court held an evidentiary hearing on the *Batson* claim). As the district court correctly found, the prosecutor's asserted reasons for the challenges in question were variously not credible, unsupported by the record, or revealed as pretextual upon the conduct of a comparative analysis of those jurors struck with those remaining on the panel.

Therefore, the district court did not err in granting Thomas habeas corpus relief.

AFFIRMED.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.